**QI YONG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–3274–ag.

United States Court of Appeals, Second Circuit.

Dec. 30, 2008.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part, and DISMISSED in part.

Yimin Chen, New York, NY, for petitioner.

**936**

Gregory G. Katsas, Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Tiffany Walters Kleinert, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Qi Yong Chen, a native and citizen of the People's Republic of China, seeks review of a June 11, 2008 order of the BIA affirming the July 11, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Yong Chen,* No. A98 721 796 (B.I.A. Jun. 11, 2008), *aff'g* No. A98 721 796 (Immig. Ct. N.Y. City Jul. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

We conclude that the agency's adverse credibility finding is supported by substantial evidence. For asylum applications governed by the amendments made to the Immigration and Nationality Act ("INA")

by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

As an initial matter, Chen failed to exhaust any challenge to several of the IJ's credibility findings, including his findings that: (1) Chen failed to corroborate his claim that the Chinese government had issued an arrest warrant against him; and (2) Chen's parents omitted any mention of that arrest warrant in their letters of support.[1] We have described the issue exhaustion requirement as "mandatory." *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Thus, we decline to consider the challenge to these findings Chen makes for the first time in this Court.

As to the findings Chen does challenge, we find no error in the agency's decision. The IJ properly relied on the inconsistency in the record between Chen's testimony that he did not decide to leave China until 2005 and his notarial birth certificate, which was translated into English in 2004, presumably because Chen intended to travel to the United States at that time. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). While

1. Chen also did not challenge before the BIA the IJ's findings that: (1) Chen's failure to provide an affidavit from his uncle in the United States to corroborate his practice of Falun Gong reflected negatively on his credibility; and (2) because of similarities between Chen's sworn statement and his mother's letter, the latter was fabricated. However, because the BIA addressed those findings on appeal, we consider those issues exhausted. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1993).

Chen attempted to explain this inconsistency, testifying that "in [his] town almost everybody got such a notarial certificate," the IJ was not required to credit this explanation where a reasonable fact-finder would have been compelled to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Similarly, the IJ properly relied on the inconsistency between Chen's testimony that his uncle was in hiding and the return address on his uncle's letter of support, which Chen testified was his uncle's address before he allegedly went into hiding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Further, the IJ properly concluded that the letter purportedly sent by Chen's mother was fabricated, where the "tenor" and "tempo" of the letter were the same as Chen's sworn statement, and both the letter and the statement contained the same grammatical error, using the word "louder" where they should have used "loudly." *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007). We have "repeatedly allowed IJs to take into account such 'intraproceeding' similarities because, in most cases, it is reasonable and unproblematic for an IJ to infer that an applicant who [ ] submits the strikingly similar documents is the common source of those suspicious similarities." *Mei Chai Ye v. U.S. Dept. of Justice,* 489 F.3d 517, 519 (2d Cir.2007) (citing *Surinder Singh v. Bd. of Immigration Appeals,* 438 F.3d 145, 148 (2d Cir. 2006) (per curiam)). Here, it was proper for the IJ to draw a negative inference as to Chen's credibility based on the "suspicious similarities" between his mother's letter and his own sworn statement. *See id.*

Finally, the IJ properly relied on Chen's failure to corroborate his claim that he practices Falun Gong in the United States with an affidavit from his uncle, where Chen's credibility had already been called into question. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Together, the discrepancies the IJ identified served to undermine Chen's credibility, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), and his adverse credibility determination was thus supported by substantial evidence, 8 U.S.C. § 1252(b)(4)(B); *see also Corovic,* 519 F.3d at 95. Accordingly, the agency's denial of Chen's application for asylum was proper.

Inasmuch as Chen based his claim for withholding of removal on the same factual predicate as his asylum claim, that claim necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't. of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Finally, because Chen failed to challenge the IJ's denial of his CAT claim in his brief to the BIA, that claim is administratively unexhausted. Thus, we are without jurisdiction to review the argument that Chen now makes in this Court and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)).

For the foregoing reasons, the petition for review is DENIED in part, and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).